IN THE CIRCUIT COURT FOR CALVERT COUNTY, MARYLAND

LORI McCARTY
(Formerly Lori Annette Denton)
Post Office Box 176
Broomes Island, MD 20615

    *Plaintiff*,

vs.

Case No.: C-04-CV-18-257

EXELON CORPORATION
Post Office Box 805398
Chicago, IL 60680-5398

Service: Resident Agent
Corporate Creations Network Inc.
2 Wisconsin Circle #700
Chevy Chase, MD 20815

    *Defendant*.

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER APPROPRIATE RELIEF

COMES NOW, Plaintiff, LORI MCCARTY, by and through her attorneys, Jamie J. Rice, and the LaFayette Law Office, LLC, and brings this Motion for Declaratory Judgment and Other Relief, and states as follows:

1. This is an action for declaratory judgment pursuant to Section 3-409 of the Courts and Judicial Proceeding Article of the Annotated Code of Maryland for the purpose of determining a question of construction of a Qualified Domestic Relations Order involving the parties hereto, a portion of which is in actual controversy between the parties.

2. That Plaintiff is the former spouse of Jeffrey Gill Denton, Sr.

3. That Jeffrety Gill Denton, Sr. had a pension through Exelon Corporation as a result of his employment with Baltimore Gas & Electric Company, a portion of which was marital property and subject to distribution in his divorce from Plaintiff.

LaFayette
Law Office, LLC
P.O. Box 2068
Prince Frederick,
Maryland 20678
410-535-0585

4. That, in their divorce action in the Circuit Court for Calvert County, Maryland, Case No.: 04-C-95-037, a Qualified Domestic Relations Order (hereinafter "QDRO") was entered by this Court on May 31, 1995 pursuant to the a Voluntary Separation and Property Settlement Agreement and a Modification of Voluntary Separation and Property Settlement Agreement, both of which were incorporated, but not merged, into said QDRO. (A copy of the QDRO is attached hereto as Exhibit A and made a part hereof.)

5. That the QDRO states:

"...if the Plaintiff [Lori McCarty] survives the Defendant [Jeffrey Gill Denton, Sr.], she shall also be recognized and treated as a Surviving Spouse under the Plan and be entitled to receive Fifty (50%) percent of the applicable Pre-retirement or Post-retirement Survivor Annuity provided in accordance with Federal Law."

6. That Jeffrey Gill Denton, Sr. passed from this life on November 1, 2016, prior to his retirement.

7. That, having not received any payments or correspondence from Defendant, Plaintiff contacted Defendant in March 2017 to inquire about the pre-retirement survivor annuity due to her.

8. That, in June 2017, Plaintiff received correspondence from Defendant, as Plan Administrator, regarding the calculation for her pre-retirement survivor annuity. Defendant's letter indicated that Plaintiff was only entitled to the "pre-retirement survivor annuity on the marital portion" of decedent's pension. The letter also stated that payment to Plaintiff would not begin until July 2017, eight (8) months after Mr. Denton's passing. (The letter is attached hereto as Exhibit B and made a part hereof.)

9. That Plaintiff disagrees that the pre-retirement survivor annuity is only applicable to the marital portion of the pension based on the language of the QDRO.

10. That Plaintiff and her counsel have attempted to remedy the situation with

LaFayette
Law Office, LLC
P.O. Box 2068
Prince Frederick,
Maryland 20678
410-535-0585

Defendant's representatives to no avail.

11. That Plaintiff is still not receiving any payments from Defendant for the pre-retirement survivor annuity, as she could not sign the documents sent to her by Defendant which were required for payments to commence since the documents reflected an inaccurate payment amount.

12. That an actual controversy exists between the parties and a determination by this Court will serve to terminate the controversy giving rise to this proceeding.

13. That Plaintiff is requesting a lump sum payment from Defendant to represent the total of the payments Plaintiff should have received from the pre-retirement survivor annuity from the month following Mr. Denton's passing (December 2016) to the present, in addition to the initiation of the monthly pre-retirement survivor annuity in the proper amount, pursuant to the QDRO.

14. That Plaintiff has incurred attorney fees and costs in bringing this action to enforce this Honorable Court's QDRO.

**WHEREFORE,** Plaintiff respectfully prays unto this Honorable Court as follows:

A. That this Court determine and adjudicate the proper amount of the preretirement survivor annuity due to Plaintiff pursuant to the QDRO dated May 31, 1995; and

B. That this Court award Plaintiff a lump sum to represent the payments Plaintiff should have been receiving from Defendant under the pre-retirement survivor annuity from December 2016 to the date of the hearing on this matter; and

C. That said award be reduced to judgment in Plaintiff's favor; and

D. That a hearing be set in this matter at the Court's earliest convenience; and

E. That Defendant be ordered to pay all reasonable attorney fees and court costs

LaFayette
Law Office, LLC
P.O. Box 2068
Prince Frederick,
Maryland 20678
410-535-0585

sustained by Plaintiff for the preparation and defense of this Motion; and

F. That this Court award Plaintiff such other and further relief as the nature of this cause may require.

I HEREBY SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE MATTERS AND FACTS AS SET FORTH HEREIN ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
LORI McCARTY
*Plaintiff*


_____
JAMIE J. RICE
*Attorney for Plaintiff*
LaFayette Law Office, LLC
Post Office Box 2068
Prince Frederick, MD 20678
Phone: (410) 535-0585
Fax: (410) 535-0627
jrice@lafayettelaw.net

LaFayette
Law Office, LLC
P.O. Box 2068
Prince Frederick,
Maryland 20678
410-535-0585